1
2
3
4
5
6        **IN THE UNITED STATES DISTRICT COURT**
7           **FOR THE DISTRICT OF ARIZONA**
8
9    Ricky Lee Jarrett,                        No. CV-18-00892-PHX-DLR(CDB)
10                Petitioner,                   **ORDER**
11   v.
12   Charles L Ryan, et al.,
13                Respondents.
14
15
16        Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge
17   Camille D. Bibles (Doc. 18) regarding Petitioner's Petition for Writ of Habeas Corpus filed
18   pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the petition be denied
19   and dismissed with prejudice. The Magistrate Judge advised the parties that they had
20   fourteen days from the date of service of a copy of the R&R to file specific written
21   objections with the Court. Petitioner filed an objection to the R&R on May 29, 2019. (Doc.
22   23.) Respondents did not file a response.
23        The Court has considered the objections and reviewed the R&R de novo. *See* Fed.
24   R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge identified and stated the
25   correct habeas review standard set forth in 28 U.S.C. § 2254(d). (Doc. 18 at 4). In applying
26   that standard, the Magistrate Judge correctly noted that "An unreasonable application of
27   federal law is different from an incorrect one." *Id.* "A state court's determination that a
28   claim lacks merit precludes federal habeas relief so long as fair-minded jurists could

disagree on the correctness of the state court's decision." *Woods v. Etherton*, 136 S.Ct. 1149, 1151 (2016) (*quoting Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

In his objection, Petitioner claims that the R&R incorrectly applies the law regarding his right to represent himself, as set forth in *Faretta v. California*, 422 U.S. 806, 835 (1975). His objection stems from his discussion with the trial judge in open court on September 20, 2012, regarding his written motion to waive counsel. Petitioner told the trial judge that he was not satisfied with the quality of representation from his appointed counsel and that he wanted to represent himself. He stated that he would be satisfied if an attorney named Winchell would represent him. The trial judge informed Petitioner that he did not have a choice of appointed counsel. (Doc. 23 at 19.)

The trial judge then informed Petitioner that she was going to defer ruling on his motion. She stated that she would remove his attorney and appoint a new attorney. She indicated that if Petitioner was not satisfied with his new attorney, he could renew his motion to waive counsel and represent himself. (*Id.* at 19-20.) In response, Petitioner told the trial judge "Whoever you assign them, I'm just going to go ahead and file another motion to proceed pro per. I mean, I'm going to end up doing it [if] you assign me another attorney, it's going to be another motion to proceed in pro per." (*Id.* at 20.) The trial judge responded that if Petitioner filed another motion to represent himself, it would tell her that Petitioner "may not be competent to make the decision to go pro per" and "may not be fully understanding what the issues are in the case[.]" (*Id.* at 20-21.)

Petitioner argues that the trial judge's comments placed him in a "conundrum." On one hand, the trial judge told Petitioner he could could renew his request to represent himself, but on the other the trial judge stated that a renewed request would be considered an indication of incompetence to represent himself. Petitioner argues that he did not renew his request to represent himself because the trial judge's statements conveyed to him that it would be futile to do so.

*Faretta* established the general rule that a trial court may not deny a request to waive counsel if it finds that the right is asserted clearly, unequivocally, voluntarily, and

intelligently. Petitioner made such an assertion. The Supreme Court, however, has not determined whether a trial court may defer or delay ruling on such a motion. Consequently, there is no clearly established federal law which would prevent the trial court from doing so. Stated differently, there presently is no clearly established constitutional right to have a trial court rule immediately on a *Faretta* motion, as opposed to deferring or delaying a ruling in the manner the trial court did here.

Further, Petitioner's argument requires a determination that the trial judge's comments prevented him from renewing his motion. In denying Petitioner's state court claim, the trial court implicitly found that Petitioner's failure to renew his *Faretta* motion was the result of a voluntary decision, rather than a determination that such a request would be futile. In reviewing the state court's finding that Petitioner voluntarily failed to renew his *Faretta* motion, this Court must decide whether that decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harrington,* 562 U.S. at 98. Although the statements by the trial court could be interpreted as Petitioner suggests, fair minded jurists could disagree. At the September 20, 2012 *Faretta* hearing, Petitioner displayed a willingness and capacity to address the court regarding his concerns about counsel. He expressed a desire to accept representation from a specific attorney. He appeared at a settlement conference and at trial without indicating a desire to proceed without counsel. (Doc. 13-1 at 33-40, 56-58; Doc. 13-2.) Considering this evidence, the Court finds that the trial court's factual finding was reasonable. Petitioner's objection therefore is overruled, the R&R will be accepted, and the petition will be denied.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when a habeas petition appeals a district court's judgment, the district judge who rendered the judgment must either issue a certificate of appealability ("COA") or state the reasons why a COA should not issue. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This can be shown by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted).

The Court finds that reasonable jurists could debate its resolution of Petitioner's *Faretta* claim. In the event Petitioner appeals from this Court's judgment, the Court will grant a COA as to this issue only. The Court declines to issue a COA with respect to the remaining issues in the petition because, for reasons stated in the R&R, Petitioner has not made a substantial showing of the denial of a constitutional right as to those issues.

**IT IS ORDERED** that the R&R (Doc.18) is **ACCEPTED** and the petition (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that, in the event Petitioner appeals from this Court's judgment, a COA and leave to proceed in forma pauperis on appeal are **GRANTED** with respect to Petitioner's *Faretta* claim only because reasonable jurists would find the ruling debatable, and because Petitioner has made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment denying and dismissing the petition (Doc. 1) with prejudice and shall terminate this action.

Dated this 19th day of July, 2019.

Douglas L. Rayes
United States District Judge